AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **TAHMID CHOWDHURY**, an individual, and **WILLIAM DEGRAAFF**, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> **MD SHAHRISH SHARIF SHUVO,** an individual, and **SHAHRISH SHUVO ENGINEERING P.C.**, <br><br> Defendants. | **COMPLAINT FOR DAMAGES** <br><br> Case No. 1:22-cv-1920 <br><br> <u>**JURY TRIAL REQUESTED**</u> |

## INTRODUCTION

1. Plaintiffs Tahmid Chowdhury and William DeGraaff both worked for Defendants as engineers, for about eight months and two years, respectively. Defendants wholly failed to pay them for several pay periods (five and seven bimonthly periods respectively) and on multiple other occasions issued paychecks checks that then "bounced."

2. To challenge these and other wage violations, Plaintiffs bring this action, by and through their attorneys, against Defendants Shahrish Sharif Shuvo, an individual,; Shahrish Shuvo Engineering P.C.; and Raymond Tobia, an individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA"), and the New York Labor Law, Art. 19 (hereinafter, "NYLL"). Plaintiffs also bring conversion, unjust enrichment and breach of contract claims based on these underpayments.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

5. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* One or more of the Defendants resides in this district.

## PARTIES

### Defendant Md Shahrish Sharif Shuvo

6. Defendant **Md Shahrish Sharif Shuvo, P.E.**, an individual (hereinafter "Mr. Shuvo"), resides at 208 W. 29th Street, Suite 603, New York, NY 10001, New York County, upon information and belief.

7. Mr. Shuvo is the Founder, President & Chief Executive Officer of Shahrish Shuvo Engineering P.C.

8. At all times material to this action, Mr. Shuvo actively participated in the business of the corporation.

9. At all times material to this action, Mr. Shuvo exercised substantial control over the functions of the company's employees, including Plaintiffs.

10. At all times material to this action, Mr. Shuvo was an "employer" of Plaintiffs, as defined by § 203(b) of the FLSA.

11. Mr. Shuvo has an ownership interest in and/or is a shareholder of Sharish Shuvo.

12. Mr. Shuvo is one of the ten largest shareholders of Sharish Shuvo.

**AndersonDodson, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

*Chowdhury v. Sharish Shuvo Engineering P.C., et al.*
Case No. 1:22-cv-1920 (SDNY)

Complaint
Page 2

### Defendant Shahrish Shuvo Engineering P.C.

13. Defendant **Shahrish Shuvo Engineering P.C.** (hereinafter "Sharish Shuvo") is a corporation doing business within Suffolk County, whose principal executive office is listed with the New York Secretary of State as 208 W 29th St Suite 603, New York, NY 10001. It also does business at 535 Broad Hollow Road, Suite B7, Melville, NY 11747. Its DOS Process agent is listed with the NYS Department of State as William J. Camera, CPA at 555 Broadhollow Road, Melville, NY 11747.

14. At all relevant times, Defendant Sharish Shuvo had annual gross revenues in excess of $500,000.

15. At all relevant times, Defendant Sharish Shuvo was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

16. At all times material to this action, Defendant Sharish Shuvo was subject to the FLSA and was an "employer" of the Plaintiffs, as defined by § 203(b) of the FLSA.

17. At all relevant times, Defendants' business activities were related and performed through unified operations or common control for a common business purpose and constituted an "enterprise" within the meaning of the FLSA, 29 USC 203(r).

### Plaintiff Tahmid Chowdhury

18. Plaintiff **Tahmid Chowdhury** is a resident of Bronx, NY, which is in Bronx County.

19. At all times material to this action, Plaintiff Chowdhury was an "employee" within the meaning of 29 U.S.C. § 203(e).

20. Plaintiff Tahmid Chowdhury worked for Sharish Shuvo as an engineer from October 13, 2020 until June 30, 2021.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Chowdhury v. Sharish Shuvo Engineering P.C., et al.*
Case No. 1:22-cv-1920 (SDNY)

Complaint
Page 3

21. Chowdhury estimates that generally he worked approximately forty hours per week. He was not expected to record time worked, but he typically started work at 9:00 A.M. and stopped work at around 6:00 P.M, five days per week.

22. While in this position, Plaintiff Chowdhury's pay scheme was salary based.

23. Plaintiff Chowdhury's rate of pay was $74,000.00 per year.

24. On six occasions, Plaintiff Chowdhury did not receive his bi-weekly pay when due.

25. Plaintiff Chowdhury was eventually paid one of those late paychecks. The rest remain unpaid.

**Plaintiff William DeGraaff**

26. Plaintiff **William DeGraaff** is a resident of Queens, NY, which is in Queens County.

27. At all times material to this action, Plaintiff DeGraaff was an "employee" within the meaning of 29 U.S.C. § 203(e).

28. Plaintiff William DeGraaff worked for Sharish Shuvo from August 5, 2019 until June 7, 2021.

29. DeGraaff estimates that generally he worked approximately forty hours per week. He was not expected to record time worked, but he typically started work at 9:00 A.M. and stopped work at around 6:00 P.M, five days per week.

30. While in this position, Plaintiff William DeGraaff pay scheme was salary based.

31. Plaintiff Degraaff's rate of pay was $92,000.00 per year.

32. Like Plaintiff Chowdhury, Plaintiff William DeGraaff did not receive his bi-weekly pay for the following pay periods:

| | | | |
|---|---|---|---|
| 01/15/21 | to | 01/31/21 | -$2,586.09 |
| 02/01/21 | to | 02/15/21 | -$2,586.09 |
| 05/01/21 | to | 05/15/21 | -$2,465.07 |
| 05/15/21 | to | 05/31/21 | -$2,465.07 |

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

| 08/01/21 | to | 08/15/21 | -$2,465.06 |
| 08/15/21 | to | 08/31/21 | -$2,465.06 |
| 09/01/21 | to | 09/07/21 | -$1,232.54 |

33. In addition, Defendants issued Plaintiff DeGraaff other checks that bounced for the following periods, each of which also resulted in a $12.00 bank charge to him:

| 09/01/20 | to | 09/15/20 | -$2,588.84 |
| 09/15/20 | to | 09/30/20 | -$2,588.83 |
| 04/01/21 | to | 04/15/21 | -$2,465.07 |
| 06/15/21 | to | 06/30/21 | -$2,465.06 |

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

34. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

*Failure To Pay Minimum Wage*

35. For the workweeks in which Defendants failed to pay Plaintiffs entirely, Defendants violated the minimum wage laws for the hours they worked, in violation of the FLSA.

*Late Payments*

36. On some occasions, Plaintiffs did not receive their paychecks on the prescribed paydays.

37. On a number of occasions, Plaintiffs' checks were issued, but bounced.

38. On other occasions, Plaintiffs' were not paid at all.

39. Because the employer failed to pay wages on the regular payment date, Plaintiffs are entitled to liquidated damages. *See United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 491 (2nd Cir. 1960); *Arroyave v. Rossi*, 296 Fed. Appx. 835, 836 (11th Cir. 2008).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Chowdhury v. Sharish Shuvo Engineering P.C., et al.*
Case No. 1:22-cv-1920 (SDNY)

Complaint
Page 5

### *Willful & Not Based On Good Faith & Entitlement to Damages*

40. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

41. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

42. As a result of the violations by Defendants of the FLSA, Plaintiffs are entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

### As And For A Second Cause of Action:
### NEW YORK LABOR LAW (NYLL) VIOLATIONS

43. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

44. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

### *Failure To Pay Wages*

45. Defendants failed to pay Plaintiffs the wages owing to them, in violation of NYLL §§ 191, 193 and/or 663.

### *Failure To Pay Minimum Wage*

46. Defendants failed to pay Plaintiffs the minimum wage for all hours they worked, in violation of NYLL § 652.

### *Failure To Pay Wages At Prescribed Frequency*

47. The timing and frequency of Plaintiffs' pay was improper. Specifically, Plaintiff Chowdhury was not paid for six pay periods and many of Plaintiff DeGraaff's paychecks either bounced and were not paid at all.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

48. Plaintiffs were a "clerical [or] other worker" as that term is defined in NYLL § 190(7).

49. Plaintiffs were not consistently paid on regular paydays designated in advance by the employer not less frequently than semi-monthly, in violation of NYLL § 191(1)(d).

50. When Plaintiffs were separated from the company, the employer failed to pay the wages owing in his final pay period not later than the regular payday for the pay period during which the separation occurred, in violation of NYLL § 191(3).

*Record-Keeping Failures*

51. At all relevant times, Defendants failed to establish, maintain and preserve for not less than three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee, in contravention of NYLL § 195(4) and 12 N.Y. Comp. Codes R. & Regs. 142-2.6.

52. Defendants failed to keep a time book showing the names and addresses of its employees and the hours worked by each of them in each day, in contravention of NYLL § 161(4).

*Willfulness and Damages*

53. Defendants willfully violated the rights of Plaintiffs by failing to pay them for all of the hours they actually worked.

54. Due to Defendants' New York Labor Code violations, Plaintiffs are entitled to recover his unpaid wages, liquidated damages, interest, reasonable attorneys' fees, and costs associated with bringing the action. NY Lab. Code § 663(1).

### As And For A Third Cause of Action:
### BREACH OF CONTRACT/UNJUST ENRICHMENT

55. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Chowdhury v. Sharish Shuvo Engineering P.C., et al.*
Case No. 1:22-cv-1920 (SDNY)

Complaint
Page 7

56. Plaintiffs and Defendants had an implied employment contract insofar as the employment relationship is inherently contractual in nature.

57. Plaintiffs agreed to perform certain functions for Defendants, in exchange for certain compensation.

58. Specifically, Defendants agreed to pay Plaintiffs their salaries in exchange for their work.

59. By failing to pay Plaintiffs these amounts Defendants breached their contract of employment with Plaintiffs.

60. In the alternative, were a contract not found to exist, Defendants have been unjustly enriched by withholding monies that rightfully belong to Plaintiffs.

61. Defendants are liable to Plaintiffs in the amount of compensation that they unlawfully withheld and other appropriate damages.

### As And For A Fourth Cause of Action:
#### CONVERSION

62. Plaintiffs reallege and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

63. By the above-described actions Defendants committed theft of services, for which they are civilly liable for conversion damages, in an amount to be determined at trial.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) Award Plaintiffs unpaid and underpaid wages due under the FLSA and the New York Labor Law;

(B) Award Plaintiffs liquidated damages in the amount of their unpaid FLSA wages

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

pursuant to 29 U.S.C. § 216(b);

(C) Award Plaintiffs liquidated damages pursuant to NYLL § 663;

(D) Award Plaintiffs conversion damages;

(E) Award Plaintiffs interest;

(F) Award Plaintiffs the costs of this action together with reasonable attorneys' fees; and

(G) Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Respectfully submitted, this **7th** day of **March**, **2022**.

ANDERSONDODSON, P.C.

_____
**Penn A. Dodson (PD 2244)**
penn@andersondodson.com
11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Chowdhury v. Sharish Shuvo Engineering P.C., et al.*
Case No. 1:22-cv-1920 (SDNY)

Complaint
Page 9