```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
TAHMID CHOWDHURY, an individual,
and WILLIAM DEGRAAFF, an individual,

                          Plaintiffs,
          -against-
                                                    22 Civ. 1920 (AT)
MD SHAHRISH SHARIF SHUVO, an individual,
and SHAHRISH SHUVO ENGINEERING P.C.,                ORDER

                          Defendants.
```

ANALISA TORRES, District Judge:

Plaintiffs Tahmid Chowdhury and William DeGraaff bring this action against Defendants MD Shahrish Sharif Shuvo and his firm, Shahrish Shuvo Engineering P.C., alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law, ("NYLL") § 190 *et seq.*, for, *inter alia*, unpaid or underpaid wages. *See* ECF No. 1 ¶¶ 1–2. Having reached a settlement (the "Settlement"), ECF No. 41-1, the parties seek the Court's approval of the proposed settlement agreement. *See* Letter, ECF No. 41. For the reasons stated below, the motion is GRANTED.

## DISCUSSION

I.  Legal Standard

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of*

*Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the United States Department of Labor or a district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider "the totality of circumstances, including but not limited to the following factors":

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous

billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.     Analysis

The Settlement provides Plaintiffs with a recovery of $65,000, inclusive of attorney's fees and costs.  Settlement ¶ 1.  Under the Settlement, Chowdhury would receive $17,500, and DeGraaf would receive $32,500.  *Id.*; Letter at 2.  Based on Plaintiffs' minimum wage claims, Chowdhury's maximum recovery for unpaid wages would be $3,480, and DeGraaf's maximum recovery for unpaid wages would be $6,380.  *See* ECF No. 46-1 at 3.  Thus, Plaintiffs' recoveries under the Settlement are over five times greater than their maximum possible recovery under the FLSA for their minimum wage claims.  In addition, the parties provide a description of the risks in the litigation and state that "[i]f litigation were to continue, the parties would have to incur significant additional expenses on anticipated motions, depositions, and potentially forensic expert fees." Letter at 3.  Further, the parties note that the "negotiations have been above board and at arms-length," *id.*, and there is no evidence that the parties engaged in fraud or collusion.  *Id.*  And, the Settlement does not contain any red-flag provisions like a confidentiality clause or an overly broad release clause.  *See* Settlement.  Accordingly, the Court finds that the Settlement satisfies the *Wolinsky* factors and is fair and reasonable.

Turning to attorney's fees and costs, Plaintiff's counsel seeks attorney's fees and costs totaling $15,000, which is approximately 23% of the settlement proceeds.  *See* Letter at 3.  The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it "directly aligns the interests of [Plaintiffs] and [their] counsel." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005) (citation omitted).  Contingency fees of one third or less in FLSA cases are routinely approved in this circuit.  *Cf. Gonzales v. 27 W.H. Bake, LLC*, No. 15 Civ. 4161, 2018 WL 1918623, at *4 (S.D.N.Y. Apr. 20, 2018) (collecting cases).

As a check on the reasonableness of attorney's fees, however, courts still calculate the total cost of an attorney's hours billed, previously known as the lodestar method. *In re AOL Time Warner S'holder Derivative Litig.*, No. 02 Civ. 6302, 2010 WL 363113, at *23 (S.D.N.Y. Feb. 1, 2010). Plaintiffs' counsel, AndersonDodson, P.C., has submitted detailed contemporaneous time records that document the work performed in connection with this matter. ECF No. 41-3.  Based on these records, the lodestar in connection with this matter amounts to $17,997.50, with an additional $612.86 in costs. *Id.*; ECF No. 41-4.  Plaintiffs' counsel has billed at a claimed hourly rate of $450 for Penn Dodson, $195 for Ashley Athenas, $175 for Jess Velez and Frankie Brown, $95 for Billy Hernandez, and $45 for Callyn Carter.  ECF No. 41-3.  The Court finds these rates to be reasonable and consistent with the general rates for FLSA cases in this Circuit.

The attorney's fees requested, $14,387.14, amount to a negative multiple of approximately 0.80 of the proffered lodestar.  In other words, Plaintiffs' counsel will recover an award of attorney's fees that is less than the lodestar amount.  Courts in this district have found larger awards to be fair and reasonable. *See Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302, 2019 WL 95638, at *3 (S.D.N.Y. Jan. 2, 2019) ("Courts in this [d]istrict have concluded that a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." (quotation marks and citation omitted)) (collecting cases); *see also Lizondro-Garcia v. Kefi LLC*, No. 12 Civ. 1906, 2015 WL 4006896, at *1, *10 (S.D.N.Y. July 1, 2015) ("[A]n award of $105,000 or one-third of the fund—a 1.68 multiplier of the lodestar calculation and a 1.52 multiplier of plaintiffs' counsel's stated hourly rates—is a reasonable attorneys' fee.").  Thus, given that the attorney's fees represent less than one-third of the total recovery amount, and are less than the lodestar amount, the Court finds that the requested award of attorney's fees is fair and reasonable.

Additionally, Plaintiff's counsel requests costs in the amount of $612.86, which covers the filing fee and service of process. ECF No. 41-4. The Court finds that the requested costs are fair and reasonable.

## CONCLUSION

For the foregoing reasons, the parties' motion for settlement approval is GRANTED. The Clerk of Court is directed to terminate all pending motions and close the case.

SO ORDERED.

Dated: July 5, 2023
New York, New York

ANALISA TORRES
United States District Judge